UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re:<br><br>EAST COAST INVEST, LLC,<br><br>    Debtor. | Case No. 19-20513-PGH<br><br>Chapter 11 |
| EAST COAST INVEST, LLC,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>GDF PROPERTIES, LLC, a Florida limited liability company,<br><br>    Defendant/Counter-Plaintiff. | Adv. Proc. No. 19-01622-PGH |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
IN RESPONSE TO AMENDED COMPLAINT FOR DECLARATORY RELIEF,
AND, IN THE ALTERNATIVE, TO AVOID A CONTRACT, INCLUDING A
PURCHASE OPTION WITHIN SUCH CONTRACT**

**GDF PROPERTIES, LLC** (the "Defendant"), by and through its undersigned counsel, hereby files its *Answer, Affirmative Defenses and Counterclaim In Response to Amended Complaint For Declaratory Relief, and, in the alternative, to Avoid A Contract, Including a Purchase Option Within Such Contract* (the "Complaint"), and states as follows:

**The Parties**

1.  In response to the allegations contained in Paragraph 1 of the Complaint, the Defendant admits that the Plaintiff is the duly appointed Chapter 7 Trustee for the Debtor, East Coast Invest, LLC. The Defendant is with without sufficient knowledge as to the truth of the

1

allegations contained in Paragraph 1 of the Complaint and, therefore, denies same and demands strict proof thereof.

2. The Defendant admits the allegations contained in Paragraph 2 of the Complaint.

### Jurisdiction and Venue

3. The Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. The Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. In response to the allegations contained in Paragraph 5 of the Complaint, the Defendant admits that this is a core proceeding in which the Court is authorized to hear, determine and enter final orders in accordance with 28 U.S.C. §§ 157(b)(2)(A), (H) and (O). The Defendant neither admits nor denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. The Defendant admits the allegations contained in Paragraph 6 of the Complaint.

### General Allegations

7. In response to the allegations contained in Paragraph 7 of the Complaint, the Defendant admits that Barry Mukamal, in his capacity as receiver, commenced this Chapter 11 proceeding on August 6, 2019.

8. In response to the allegations contained in Paragraph 8 of the Complaint, the Defendant admits that the case was converted to Chapter 7 on November 15, 2019 and the Plaintiff was reappointed Chapter 7 Trustee on November 19, 2019. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint and demands strict proof thereof.

9. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies same and demands strict proof thereof.

10. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies same and demands strict proof thereof.

11. In response to the allegations contained in Paragraph 11 of the Complaint, the Defendant admits that Anatoly Zinoviev is a general partner of the Partnership. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies same and demands strict proof thereof.

12. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies same and demands strict proof thereof.

13. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies same and demands strict proof thereof.

14. The Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. The Defendant denies the allegations contained in Paragraph 15 of the Complaint.

### The Seneca Project

16. In response to the allegations contained in Paragraph 16 of the Complaint, the Defendant admits that the Debtor holds title to the Seneca Project. The Defendant is without sufficient knowledge as to the remaining allegations contained in Paragraph 16 of the Complaint and, therefore, denies same and demands strict proof thereof.

17. The Defendant is without knowledge or information as to the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the allegations and demands strict proof thereof.

18.     The Defendant is without knowledge or information as to the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the allegations and demands strict proof thereof.

19.     The Defendant admits the allegations contained in Paragraph 19 of the Complaint.

**The Option and Option Related Litigation**

20.     In response to the allegations contained in Paragraph 20 of the Complaint, the Defendant admits that (a) on or about August 6, 2018, the Debtor executed the Agreement; and (b) a true and correct copy of the Agreement is attached as Exhibit "A" to the Complaint. The Defendant neither admits nor denies the remaining allegations contained in Paragraph 20 of the Complaint; however, to the extent an answer is required, the Defendant denies such allegations and demands strict proof thereof.

21.     In response to the allegations contained in Paragraph 21 of the Complaint, the Defendant admits that it paid $1,000.00 in accordance with the Option. The Defendant admits that the language referenced in Paragraph 21 is contained in the Agreement; however, the Defendant denies the allegations to the extent that the Plaintiff attempts to characterize the Agreement in a manner inconsistent with the Defendant's interpretations and demands strict proof thereof.

22.     In response to the allegations contained in Paragraph 22 of the Complaint, the Defendant admits that Zinoviev executed the Option on behalf of the Debtor as the Debtor's duly authorized representative. The Defendant denies any remaining allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23.     The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies same and demands strict proof thereof.

24.     In response to the allegations contained in Paragraph 24 of the Complaint, the Defendant admits that the Cross Gen Loan was made contemporaneously with the Option and, upon information and belief, would not have been made without the grant of the Option.

25.     The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies same and demands strict proof thereof.  However, to the extent the allegations suggest that Mikhaylov's approval and execution were required, the Defendant denies the allegations and demands strict proof thereof.

26.     The Defendant denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.  The Defendant further denies the allegations to the extent they call for a legal conclusion and, again, demands strict proof thereof.

27.     The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies same and demands strict proof thereof.

28.     In response to the allegations contained in Paragraph 28 of the Complaint, the Defendant admits that, on January 14, 2019, it exercised the Option in writing.  The Defendant denies any remaining allegations contained in Paragraph 28 of the Complaint and, therefore, denies same and demands strict proof thereof.

29.     In response to the allegations contained in Paragraph 29 of the Complaint, the Defendant admits that the Receiver filed a motion purportedly seeking instructions on the scope of his authority with respect to the Option.

30.     The Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. In response to the allegations contained in Paragraph 31 of the Complaint, the Defendant admits that it was sued in the State Case. The Defendant denies the remaining allegations contained in Paragraph 31 of the Complaint and demands strict proof thereof.

32. The Defendant admits that allegations contained in Paragraph 32 of the Complaint.

33. The Defendant admits the allegations contained in Paragraph 33 of the Complaint.

### **The Option is Avoidable and May Be Invalid**

34. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies same and demands strict proof thereof.

35. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies same and demands strict proof thereof.

36. In response to the allegations contained in Paragraph 36 of the Complaint, the Defendant admits that the Option was executed on August 6, 2018. In response to the remaining allegations contained in Paragraph 36 of the Complaint, the Defendant admits that the Option afforded the Defendant the right to acquire the Seneca Project for the amount of $4,000,000.00 in accordance with the terms and conditions of the Option. The Defendant denies any remaining allegations contained in Paragraph 36 of the Complaint and demands strict proof thereof.

37. The Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, denies same and demand strict proof thereof.

39. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, denies same and demands strict proof thereof.

40. The Defendant denies the allegations contained in Paragraph 40 of the Complaint and demands strict proof thereof.

41. In response to the allegations contained in Paragraph 41 of the Complaint, the Defendant is without knowledge as to whether the Receiver has been able to identify the Debtor's receipt of $1,000.00 from the Defendant pursuant to the Option, but the Defendant denies any allegation that the amount of $1,000.00 was not paid pursuant to the Option and demands strict proof thereof.

42. The Defendant denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43. The Defendant denies the allegations contained in Paragraph 43 of the Complaint and demands strict proof thereof.

44. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 44 of the Complaint and, therefore, denies same and demands strict proof thereof.

**Count I**
**Declaratory Relief that Option is Invalid**

45. The Defendant realleges and incorporates its responses to the allegations contained in Paragraphs 1 through 44 as though set forth fully herein.

46. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 46 of the Complaint and, therefore, denies same and demands strict proof thereof.

47. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 47 of the Complaint and, therefore, denies same and demands strict proof thereof.

48. In response to the allegations contained in Paragraph 48 of the Complaint, the Defendant submits that Zinoviev had proper authority to grant the Option. In granting the Option, the Defendant relied upon the authority of Zinoviev and the opinion of Debtor's counsel. The Defendant is otherwise without sufficient knowledge as to the allegations contained in Paragraph 48 of the Complaint and, therefore, denies same and demands strict proof thereof.

49. The Defendant denies the allegations contained in Paragraph 49 of the Complaint and demands strict proof thereof.

50. The Defendant denies the allegations contained in Paragraph 50 of the Complaint and demands strict proof thereof.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint and demands strict proof thereof.

## Count II
### Avoidance of Obligation – Actual Intent (11 U.S.C. § 548(a)(1)(A))

52. The Defendant realleges and incorporates its responses to the allegations contained in Paragraphs 1 through 44 as though set forth fully herein.

53. In response to the allegations contained in Paragraph 53 of the Complaint, the Defendant admits that the Option was executed and granted on or about August 6, 2018; provided, however, the Option only obligated the Debtor to sell the Seneca Project in the event the Option was timely exercised by the Defendant.

54. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 54 of the Complaint and, therefore, denies same and demands strict proof thereof.

55. In response to the allegations contained in Paragraph 55 of the Complaint, the Defendant submits that a copy of the Option was duly recorded in the public records of Broward County, Florida.  The Defendant is without sufficient knowledge as to the remaining allegations contained in Paragraph 55 of the Complaint and, therefore, denies same and demands strict proof thereof.

56. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 56 of the Complaint and, therefore, denies same and demands strict proof thereof.

57. The Defendant is without sufficient knowledge as to the truth of the allegations contained in Paragraph 57 of the Complaint and, therefore, denies same and demands strict proof thereof.

58. The Defendant is unable to formulate a response to the ambiguous allegations contained in Paragraph 58 of the Complaint and, therefore, denies same and demands strict proof thereof.  But, to the extent an answer is required, the Defendant denies the allegations contained in Paragraph 58 of the Complaint and demands strict proof thereof.

59. The Defendant submits that no response is required to Paragraph 59 as no allegations by the Plaintiff were set forth.

60. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 60 of the Complaint and, therefore, denies same and demands strict proof thereof.

61. The Defendant denies the allegations contained in Paragraph 61 of the Complaint and demands strict proof thereof.

62. The Defendant denies the allegations contained in Paragraph 62 of the Complaint and demands strict proof thereof.

**Count III**
**Avoidance of Obligation – Lack of Reasonably Equivale Value**

**(11 U.S.C. § 548(a)(1)(B))**

63.     The Defendant realleges and incorporates its responses to the allegations contained in Paragraphs 1 through 44 as though set forth fully herein.

64.     In response to the allegations contained in Paragraph 64 of the Complaint, the Defendant admits that the Option was executed and granted on or about August 6, 2018; provided, however, the Option only obligated the Debtor to sell the Seneca Project in the event the Option was timely exercised by the Defendant.

65.     The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 65 of the Complaint and, therefore, denies same and demands strict proof thereof.

66.     The Defendant denies the allegations contained in Paragraph 66 of the Complaint and demands strict proof thereof.

67.     The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 67 of the Complaint and, therefore, denies same and demands strict proof thereof.

68.     The Defendant denies the allegations contained in Paragraph 68 of the Complaint and demands strict proof thereof.

**Count IV**
**Avoidance of Obligation – Actual Intent**
**(11 U.S.C. § 544(b) and Section 726.105(1)(a), Florida Statutes)**

69.     The Defendant realleges and incorporates its responses to the allegations contained in Paragraphs 1 through 44 as though set forth fully herein.

70.     In response to the allegations contained in Paragraph 70 of the Complaint, the Defendant admits that the Option was executed and granted on or about August 6, 2018; provided, however, the Option only obligated the Debtor to sell the Seneca Project in the event the Option was timely exercised by the Defendant.

71. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 71 of the Complaint and, therefore, denies same and demands strict proof thereof.

72. In response to the allegations contained in Paragraph 72 of the Complaint, the Defendant submits that a copy of the Option was duly recorded in the public records of Broward County, Florida and, therefore, a search of the public records would have disclosed the Option. The Defendant is without sufficient knowledge as to the remaining allegations contained in Paragraph 72 of the Complaint and, therefore, denies same and demands strict proof thereof.

73. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 73 of the Complaint and, therefore, denies same and demands strict proof thereof.

74. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 74 of the Complaint and, therefore, denies same and demands strict proof thereof.

75. The Defendant is unable to formulate a response to the ambiguous allegations contained in Paragraph 75 of the Complaint and, therefore, denies same and demands strict proof thereof. However, to the extent an answer is required, the Defendant denies the allegations contained in Paragraph 75 of the Complaint and demands strict proof thereof.

76. In response to the allegations contained in Paragraph 76 of the Complaint, the Defendant denies that the Option was made with any actual intent to hinder, delay or defraud its then existing and future creditors and demands strict proof thereof. The Defendant is without sufficient knowledge as to the remaining allegations contained in Paragraph 76 of the Complaint and, therefore, denies same and demands strict proof thereof.

77. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 77 of the Complaint and, therefore, denies same and demands strict proof thereof.

78. The Defendant denies the allegations contained in Paragraph 78 of the Complaint and demands strict proof thereof.

79. The Defendant denies the allegations contained in Paragraph 79 of the Complaint and demands strict proof thereof.

**Count V**
**Avoidance of Obligation – Lack of Reasonably Equivalent Value**
**(11 U.S.C. § 544(b) and Section 726.105(1)(b), Florida Statutes)**

80. The Defendant realleges and incorporates its responses to the allegations contained in Paragraphs 1 through 44 as though set forth fully herein.

81. In response to the allegations contained in Paragraph 81 of the Complaint, the Defendant admits that the Option was executed and granted on or about August 6, 2018; provided, however, the Option only obligated the Debtor to sell the Seneca Project in the event the Option was timely exercised by the Defendant.

82. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 82 of the Complaint and, therefore, denies same and demands strict proof thereof.

83. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 83 of the Complaint and, therefore, denies same and demands strict proof thereof.

84. The Defendant denies the allegations contained in Paragraph 84 of the Complaint and demands strict proof thereof.

85. The Defendant is without sufficient knowledge as to the allegations contained in Paragraph 85 of the Complaint and, therefore, denies same and demands strict proof thereof.

86. The Defendant denies the allegations contained in Paragraph 86 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As a <u>first</u> separate and distinct affirmative defense, the Defendant submits that Count I of the Complaint should be dismissed for failure to state a claim on which relief may be granted inasmuch as there is no present controversy relating to the Option. Accordingly, Count I of the complaint should be dismissed for failure to state a claim on which relief may be granted.

### Second Affirmative Defense

As a <u>second</u> separate and distinct affirmative defense, the Defendant submits that Count II of the Complaint should be dismissed for failure to state a claim on which relief may be granted. Specifically, the Plaintiff cannot establish that the Option was granted with any intent to hinder, delay or defraud creditors of the Debtor. Furthermore, the Option was recorded in the public records and, therefore, the Plaintiff cannot prove that the Option was granted with any intend to hinder, delay or defraud creditors of the Debtor.

### Third Affirmative Defense

As a <u>third</u> separate and distinct affirmative defense, the Defendant submits that Count II of the Complaint should be dismissed for failure to state a claim on which relief may be granted, inasmuch as Zinoviev had actual and/or apparent authority to grant the Option upon which the Defendant reasonably relied.

### Fourth Affirmative Defense

As a <u>fourth</u> separate and distinct affirmative defense, the Defendant submits that Count II of the Complaint should be dismissed for failure to state a claim on which relief may be granted, since the Plaintiff has not pleaded allegations with sufficient particularity as required under Fed.R.Civ.P. 9(b), incorporated into this proceeding by Fed.R.Bankr.P. 7009. Count II alleges that

the Option was granted with an intend to hinder, delay or defraud creditors; however, the Plaintiff has failed to plead sufficient allegations of fraud to sustain a cause of action under 11 U.S.C. § 548(a)(1)(A).

### Fifth Affirmative Defense

As a fifth separate and distinct affirmative defense, the Defendant submits that Count III and IV fail to state causes of action upon which relief may be granted, inasmuch as the facts alleged in the Complaint support that reasonably equivalent value was provided in consideration for the Option.

### Sixth Affirmative Defense

As a sixth separate and distinct affirmative defense, the Defendant submits that Count IV of the complaint should be dismissed for failure to state a claim on which relief may be granted, since the Plaintiff has not pleaded allegations with sufficient particularity as required under Fed.R.Civ.P. 9(b), incorporated into this proceeding by Fed.R.Bankr.P. 7009. Count IV alleges that the Option was granted with an intend to hinder, delay or defraud creditors; however, the Plaintiff has failed to plead sufficient allegations of fraud to sustain a cause of action under 11 U.S.C. § 544(b) and Section 726.105(1)(a), Florida Statutes.

### Seventh Affirmative Defense

As a seventh separate and distinct affirmative defense, the Defendant submits that Count IV of the Complaint fails to state a claim upon which relief may be granted, inasmuch as as Zinoviev had actual and/or apparent authority to grant the Option upon which the Defendant reasonably relied.

### Eighth Affirmative Defense

As an <u>eighth</u> separate and distinct affirmative defense, the Defendant submits that Count V of the complaint should be dismissed for failure to state a claim on which relief may be granted on Count, since the Defendant provided and paid valid consideration in exchange for the Option.

### Ninth Affirmative Defense

As a ninth separate and distinct affirmative defense, the Defendant submits that Count I of the Complaint should be dismissed since the Plaintiff is equitably estopped from asserting such claim. The Option was granted with proper and apparent authority and for good and valuable consideration. The Defendant reasonably relied upon the authority of Zinoviev and the option of counsel for the Debtor in entering the Option.

### Tenth Affirmative Defense

As a <u>tenth</u> separate and distinct affirmative defense, the Plaintiff is barred by "unclean hands" from obtaining equitable relief in the form of an alleged avoidance of the Option under 11 U.S.C. § 548 and Section 726.015, Florida Statutes. The Plaintiff refused to perform in accordance with the Option and should now be barred from pursuing the claims asserted in Counts II, III, IV and V of the Complaint.

### Eleventh Affirmative Defense

As an <u>eleventh</u> separate and distinct affirmative defense, the Plaintiff is equitably estopped from obtaining relief against the Defendant, inasmuch as the Option was granted with proper and apparent authority and for good and valuable consideration. The Defendant reasonably relied upon the opinion of the Debtor's counsel, including, without limitation, as to the authority of Zinoviev in granting the Option.

**Twelfth Affirmative Defense**

As a <u>twelfth</u> separate and distinct affirmative defenses, the Plaintiff cannot sustain a cause of action based on any alleged intent to hinder, delay or defraud creditors, inasmuch as the Option was recorded in the public records, thus evidencing a lack of any fraudulent intent necessary to sustaining a cause of action.

**Thirteenth Affirmative Defense**

As a <u>thirteenth</u> separate and distinct affirmative defense, the Plaintiff is barred by the doctrine of laches from asserting any claim based on the invalidity, existence or enforceability of the Option, including, without limitation, for rescission of the Option, since such claims have never before been asserted in this adversary proceeding. Furthermore, the Debtor previously sought authority to reject the Option, thus recognizing an enforceable contract.

**RESERVATION OF RIGHTS**

The Defendant preserves and does not waive any other defense which may be raised in opposition to the Complaint, including, without limitation, any other defense which may be identified in the course of discovery conducted in this action.

**WHEREFORE,** the Defendant, having filed its Answer and Affirmative Defenses in response to the adversary complaint, respectfully requests that the Court sustain the Defendant's affirmative defenses and otherwise find judgment in the Defendant's favor on all counts of the adversary complaint, as well as grant any other and further relief that the Court may deem just and proper.

## COUNTERCLAIM

Defendant, GDF PROPERTIES, LLC, a Florida limited liability company ("GDF" or "Counter-Plaintiff"), hereby sues the Debtor, EAST COAST INVEST, LLC ("East Coast" or "Counter-Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. On September 26, 2019, the Defendant filed an adversary complaint (the "Complaint") against the Plaintiff, case styled *East Coast Invest, LLC v. GDF Properties, LLC*, Adv. Proc. No. 19-01622-JKO (the "Adversary Proceeding").

2. This counterclaim is being filed in the Adversary Proceeding, inasmuch as the counterclaims being asserted arise out of the same transactions or occurrences as the claims alleged in the Complaint.

## PARTIES

3. The Counter-Plaintiff is the Defendant in the Adversary Proceeding.

4. The Counter-Defendant is the Plaintiff in the Adversary Proceeding.

## GENERAL BACKGROUND

5. On or about August 6, 2018, Counter-Plaintiff entered into the *Option Agreement* with the Counter-Defendant (the "Option Agreement") (A true and correct copy of the Option Agreement is attached hereto as ***Exhibit "A"***).

6. In accordance with the Option Agreement, Counter-Plaintiff was granted an option (the "Option") to acquire a 6.22-acre parcel of primarily undeveloped commercial land located in Pembroke Park, Florida (the "Real Estate").

7. The Option was granted for valid consideration and followed the issuance of an opinion letter from Counter-Defendant's then counsel that the Option was duly authorized.

8. By letter dated January 14, 2019 (the "Exercise Letter"), Counter-Plaintiff timely exercised the Option and presented a "Purchase and Sale Agreement" (the "PSA") for execution by Mr. Barry Mukamal, the acting receiver ("Receiver") appointed in an action pending before the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, case styled *Igor Mikhaylov, et al. v. Anatoly Zinoviev,* Case No. 18-029719-CA-43 (the "Mikhaylov Action") (A true and correct copy of the Exercise Letter is attached hereto as ***Exhibit "B"***).

9. The Receiver did not execute the PSA as required by the Option.

10. The Receiver has failed and refused to perform in accordance with the Option.

11. The Counter-Defendant has failed and refuses to perform in accordance with the Option.

12. The Counter-Plaintiff has retained undersigned counsel and has agreed to pay reasonable attorneys' fees and costs incurred in connection with this action.

13. All conditions precedent to the filing of this Counterclaim have been performed, waived or otherwise excused.

## COUNT I
### Specific Performance

14. Counter-Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 13 of this Counterclaim as though set forth fully herein.

15. The Option was a valid, binding contract by and between Counter-Plaintiff and Counter-Defendant. At a minimum, the Option was enforceable by Counter-Plaintiff against Counter-Defendant.

16. Counter-Plaintiff timely exercised the Option as evidenced by the Exercise Letter.

17. Counter-Plaintiff has performed in accordance with the Option.

18. Counter-Defendant has failed to perform in accordance with the Option and, therefore, has breached the Option.

19. Counter-Defendant has no adequate remedy at law inasmuch as the Real Estate is unique.

20. Counter-Plaintiff is entitled to specific performance.

21. Counter-Defendant should be compelled to perform in accordance with the Option.

**WHEREFORE,** Counter-Plaintiff respectfully requests that the Court find judgment in its favor on Count I of the Counterclaim, and issue an order compelling Counter-Defendant to perform in accordance with the Option, awarding Counter-Plaintiff reasonable attorneys' fees and costs, as well as grant any other and further relief that the Court may deem just and proper.

### COUNT II
### Breach of Contract

22. Counter-Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 13 as though set forth fully herein.

23. The Option was a binding contract between Counter-Plaintiff and Counter-Defendant. At a minimum, the Option was enforceable by Counter-Plaintiff against Counter-Defendant.

24. Counter-Plaintiff timely exercised the Option as evidenced by the Exercise Letter.

25. Counter-Defendant has breached the Option by failing to perform in accordance with the terms and conditions of the Option, including, without limitation, by refusing and otherwise failing to execute the PSA.

26. In the event the Court denies specific performance of the Option, Counter-Plaintiff has been damaged as a result of Counter-Defendant's breach of the Option.

27. Counter-Plaintiff has suffered damages as the direct and proximate cause of Counter-Defendant's breach of the Option.

28. Counter-Plaintiff is entitled to any and all damages caused by Counter-Defendant's breach of the Option, including, without limitation, the difference between the Option price and the fair market value of the Real Estate, together with any and all additional damages sustained by Counter-Plaintiff as a result of Counter-Plaintiff's inability to develop, market, sell and/or lease the Real Estate.

**WHEREFORE,** Counter-Plaintiff respectfully requests that the Court find in its favor on Count II of the Counterclaim, and award Counter-Plaintiff all damages sustained and provable as a result of Counter-Defendant's breach of the Option, as well as granting any other and further relief that the Court may deem just and proper.

**SEESE, P.A**.
101 N.E 3rd Avenue
 Suite 1270
Fort Lauderdale, FL 33301
Telephone: (954) 745-5897
www.seeselaw.com

By:  /s/ *Michael D. Seese*
          Michael D. Seese
          Florida Bar No. 997323
          mseese@seeselaw.com

*Attorneys for Defendant/Counter-Plaintiff*