UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re:                                              CASE NO.: 19-20513-PGH
                                                    Chapter 7
EAST COAST INVEST, LLC

      Debtor.
_____/

EAST COAST INVEST, LLC,

      Plaintiff,
v.                                                  Adv. Proc. No.: 19-01622-PGH

GDF Properties, LLC, a Florida limited
liability company,

      Defendant.
_____/

## MOTION TO DISMISS AMENDED COUNTERCLAIM BY GDF PROPERTIES, LLC AGAINST EAST COAST INVEST, LLC [ECF NO. 36]

The Plaintiff, Deborah C. Menotte, Trustee in Bankruptcy for East Coast Invest, LLC ("Truistee"), by and through undersigned counsel, hereby files this Motion to Dismiss Amended Counterclaim by GDF Properties, LLC against East Coast Invest, LLC ("the Motion") [ECF No. 36] and states the following:

1. On September 26, 2019, an adversary proceeding was filed by East Coast Invest, LLC ("East Coast or Plaintiff") against GDF Properties, LLC ("GDF") [ECF#1]. Upon this bankruptcy proceeding converting to a proceeding under Chapter 7, the Trustee has been substituted in to this action as the proper party plaintiff on December 12, 2019[ECF#10].

2. On September 27, 2019, a summons was issued on GDF [ECF#2].

3. On September 27, 2019, the Order Setting Filing and Disclosure Requirements for

43476745

Pretrial and Trial Initial Disclosure of Witness and Documents was issued by the Court [ECF #3], and, on October 2, 2019, the Summons Service Executed on GDF was filed by the Plaintiff [ECF #4].

4. The adversary complaint seeks declaratory relief, or, in the alternative, to avoid a purchase option relating to a contract to purchase real property. The real property is a 6.22 acre parcel of commercial real property located at 3195 West Hallandale Beach Boulevard, Pembroke Park, Florida 33023 ("Seneca Project").

5. The specific contract dated August 6, 2018 is between the Debtor and the Defendant and is attached to the Complaint as Exhibit "A". The contract is referred to as the "Option Agreement" which obligated the Debtor to sell the Seneca Project for $4,000,000.00 in exchange for $1,000.00 consideration.

6. The Complaint contains five (5) counts which seek a finding either that the Option Agreement is invalid, or, alternatively, that it is avoidable as a fraudulent transfer. The Complaint references a separate *Motion to Reject Option Agreement* ("Motion to Reject") that has been filed in the main case [ECF#10]. The Motion to Reject does disclose that the instant Complaint would be filed in its first footnote. GDF filed its *GDF Properties, LLC's Objection to Motion to Reject Option Agreement* on October 9, 2019 ("Objection") [ECF#71]. Although there has been discussion of consolidating this adversary proceeding with the Motion to Reject litigation, same has not yet occurred. Further, if such consolidation occurs, this would be further reason for why the Counterclaim would not need to remain as part of this adversary proceeding since essentially the same form of relief is being sought pursuant to the Objection.

7. The Trustee fully recognizes that pursuant to 11 U.S.C. §365(d)(1), to whatever extent the Option Agreement is valid, it has been rejected automatically. However, this does not substantively change the fact that rejection damages are something to be adjudicated in the main

43476745

case when, or if, it becomes at issue. The Motion to Reject and the Objection can still be adjudicated in the main case as the operative pleadings dealing with rejection damages.

8. Further, based upon the allegations within the Trustee's Amended Complaint for Declaratory Relief and, In the Alternative, to Avoid a Contract, Including a Purchase Option Contained Within Such Contract (ECF #    _ ("Amended Complaint"), it is now possible that the Court could find that the Option Agreement was automatically terminated, was of no force and effect and was void ab initio because the required consideration of $1,000.00 was not paid at the time entering into the Option Agreement, contrary to its specific terms. If such a finding is made, there would be no reason to litigate over whether the Option Agreement has been rejected.

9. As referenced above, the Trustee has filed an Amended Complaint, pursuant to the Court's Agreed Ex Parte Order (I) Granting Motion for Leave to File Amended Complaint; and (II) Continuing Hearing on Motion to Dismiss Counterclaim by GDF Properties, LLC Against East Coast Invest, LLC entered on February 5, 2020 (ECF#27). The Amended Complaint contains the same counts contained within the initial Complaint, with the only change being to the Declaratory Relief Count where additional factual allegations are introduced that relate to the fact that the $1,000.00 purchase option was not paid at the time of the contract. Instead, a wire transfer was sent over four (4) months later to a bank account of the Receiver.

10. On February 24, 2020, GDF filed an Amended Counterclaim against East Coast [ECF #26]. The Counterclaim contains two counts: one for specific performance and the other for breach of contract. However, neither count should be before the Court as counterclaims within an action seeking to either determine that a contract is invalid or set aside the contract as a fraudulent transfer. Both counts are really efforts to obtain a determination of damages, to whatever extent the Option Agreement is a valid agreement, since the Option Agreement has been automatically deemed rejected sixty (60) days after entry of the order for relief under

43476745

Chapter 7 pursuant to 11 U.S.C. §365(d)(1). If the Trustee prevails on the instant Complaint, the Option Agreement would no longer be enforceable, thus, there would be no basis to reject it or determine damages associated with such rejection. If the Trustee does not prevail on the instant Complaint, then the Court would determine whether it has been or can be rejected, and would then determine damages, all of which would be determined in the main case pursuant to the Motion to Reject and the Objection, or, if the Motion to Reject and the Objection are consolidated with this adversary proceeding, such determinations can be made in the event that the Trustee is unsuccessful on the Complaint.

11. Federal Rule of Bankruptcy Procedure 7013(a)(1)(A) provides in pertinent part that compulsory counterclaims are those that arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. Right now, the transaction or occurrence of the Trustee's claim relates to entering into the Option Agreement itself. It is essentially seeking a finding that a contract is invalid or is set aside, i.e., that it does not exist. The Trustee is not pursuing the next step, which would be seeking a finding as to the type of rejection damages that are applicable or the amount of rejection damages. That issue remains before the Court in the main case and would not be required as part of this adversary proceeding.

12. Based on the foregoing, the Trustee is requesting that the Court dismiss the Amended Counterclaim which seeks rejection damages without prejudice unless and until an adjudication exists finding that the Option Agreement is valid and is not set aside as a fraudulent transfer. Otherwise, the estate is being forced to litigate over a matter that is currently the subject of another pending motion.

13. The Trustee also takes the position that the Amended Counterclaim does not state a claim upon which relief can be granted pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6). Without restating it here, the Objection sets forth the case law dealing with specific

43476745

performance based upon rejection of a contract, including citing to what the Trustee contends is the better case authority that such a remedy of specific performance is not available upon a rejection of an executory contract. See generally, *In re Tousa, Inc*., 503 B.R. 499 (Bankr.S.D.Fla 2014); *In re Rabin,* 361 B.R. 282 (Bankr.S.D.Fla 2007). The Trustee would seek dismissal based upon the unavailability of such a remedy as a matter of law as to a bankruptcy estate as a result of the rejection of a contract. A finding by the Court that specific performance is unavailable as a remedy for the rejection of a contract would also be beneficial to the Trustee for purposes of her ongoing efforts to sell the Seneca Project. Because of this reason, the Trustee is seeking dismissal of the specific performance count with prejudice as a matter of law.

14. To the extent that the second count of the Counterclaim seeks rejection damages if the first count for specific performance is unsuccessful, such count for damages is already being sought within the Objection, which would be as a result of the Court deeming the Option Agreement has been rejected (See Objection, paragraphs 37 and 38). Such claim for relief should remain as part of that contested matter, and not as a separate count under a Counterclaim within this adversary proceeding. The Trustee understands that GDF probably wanted to be safe so as to raise whatever grounds for relief existed, which is why the Amended Counterclaim was filed, which is why she is seeking dismissal without prejudice in the event that through some future occurrence, the Counterclaim would become compulsory and would need to be adjudicated within an adversary proceeding.

15. Accordingly, based upon the foregoing, the Trustee seeks dismissal of both counts of the Amended Counterclaim.

**WHEREFORE**, the Trustee, **Deborah C. Menotte, Trustee, in Bankruptcy for GDF Properties, LLC,** by and through undersigned counsel**,** respectfully requests that this Court enter an Order Dismissing the Counterclaim.

43476745

  **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via U.S. Mail to all parties on the attached mailing list this ___ day of March 2020.

              **GREENSPOON MARDER, LLP**

              /s/Michael R. Bakst
              _____
              MICHAEL R. BAKST, ESQ.
              Attorney for Trustee
              Florida Bar No. 866377
              525 Okeechobee Blvd., Suite 900
              West Palm Beach FL 33401
              Telephone: (561) 838-4523
              Facsimile: (561) 514-3423

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Michael R. Bakst  efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com

- Rilyn A Carnahan  rilyn.carnahan@gmlaw.com, efileu1092@gmlaw.com;efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1435@gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gmlaw.com;efileu2299@gmlaw.com

- Michael D. Seese  mseese@seeselaw.com, sseward@seeselaw.com

**Manual Notice List**

  GDF Properties, LLC
  17888 67th Ct. N
  Loxahatchee, FL 33470

  Deborah Menotte
  POB 211087
  West Palm Beach, FL 33421

43476745